DORA L. POWELL, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30679.) MAE BALDWIN et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 30681.) — These are appeals from judgments of the Court of Claims, dismissing two claims against the State of New York, which were tried together. The owners of properties located on opposite sides of a stream known as the Keyserkill in the hamlet of Breakabeen, town of Fulton, Schoharie County, sought to recover damages caused by the stream overflowing its banks and flooding their lands in the course of the violent storm of November 25, 1950. State Route No. 30, running northerly and southerly through Breakabeen and crossing the Keyserkill, was constructed in 1921. A connecting bridge was built over the stream in that year to replace a pre-existing bridge. The respective claims allege, as a basis of liability, that the bridge was negligently built and maintained by the State. The proof was that the bridge was built by the Town of Fulton. On appeal, claimants now contend that, though "The construction and cost of the construction of the bridge was assumed by the Town of Fulton, in accordance with the law in effect at that time * * * the bridge was constructed in accordance with the design, the plans and the specifications prepared and submitted to the Town by the State and at the level as directed by the State". There was no proof to support the latter contention. Further, on this appeal, the State's liability is sought to be predicated upon an alleged changing of the course of the bed of the stream. The claims contained no reference to such change and have not been amended to set it up as a cause of the flood. But, in any event, there was no proof that, if the bed of the stream had in fact been changed, such change caused or contributed to the flood conditions and the resultant damage. There was a failure of proof that the bridge had been built by the State or had ever been taken over as a part of the State's highway system. Section 58 of the Highway Law provides, "but nothing herein contained shall be construed to impose on the state any liability for defects in bridges over which the state has no control". Such work as was shown to have been done by the State in the stream channel was to protect the highway under the provisions of section 45 of the Highway Law. There was no competent proof that such work was done negligently or that it was the cause of the flooding, nor was there proof that there was negligence in the construction and maintenance of the bridge, no matter whose responsibility it was, or that it was inadequate for storms to be reasonably anticipated. There was substantial proof of the extraordinary violence of the storm of November 25, 1950. In the vicinity of the claimants' properties seven and one-half inches of rain fell in twenty-four hours, accompanied by wind of great strength. The court below failed to find proof of any negligence on the part of the State of New York which was a proximate cause of the damage and found that the storm was unprecedented, was not to be reasonably anticipated, and was an act of God. Judgments unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.